```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL E. CAIN, et al.          :    CIVIL ACTION
                                 :
            v.                   :
                                 :
COUNTRYWIDE HOME LOANS, INC.,    :
et al.                           :    NO. 10-6018
```

MEMORANDUM

McLaughlin, J.                                    December 14, 2010

   Before the Court is the plaintiffs' motion to remand for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). The plaintiffs originally filed a complaint in the Court of Common Pleas for Montgomery County, Pennsylvania. In their eleven-count complaint, the plaintiffs assert state tort claims and violations of Pennsylvania law, arising out of alleged fraud in connection with a home mortgage.[1] Specifically, the plaintiffs allege that the defendants fraudulently forged plaintiff Michael E. Cain's signature on mortgage documents, or negligently accepted said forged documents.

   Of particular importance to the present motion is Count IV of the complaint, a state law claim for violation of the

---

[1] The eleven counts are: fraud (Count I); negligence (Count II); good faith and fair dealing (Count III); violation of Pennsylvania's Fair Credit Extension Uniformity Act (Count IV); invasion of privacy and false light (Count V); accounting (Count VI); money had and received (Count VII); abuse of process (Count VIII); violation of Pennsylvania Act 6 of 1974 (Count IX); violation of the Pennsylvania Notary Public Law (Count X), and rescission (Count XI).

Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. § 2270.1, *et seq*. The FCEAU incorporates the federal Fair Debt Collection Practices Act ("FDCPA"), and provides in relevant part:

> It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act.

73 Pa. Stat. Ann. § 2270.4(a). On the basis of the federal element contained in § 2270.4(a), the defendants filed a notice of removal in this Court, arguing that the complaint raises questions of federal law. On November 12, 2010, the Court issued an Order to Show Cause why the case should not be remanded for lack of subject matter jurisdiction. In response, the plaintiffs filed a motion to remand, arguing that the FCEAU, as a state-created cause of action, does not confer federal question jurisdiction. The defendants contend that the federal component incorporated by the FCEAU is an "essential element" of the plaintiffs' claim, thereby establishing federal question jurisdiction.[2]

A court has federal question jurisdiction over an action when it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action "arises under" federal law, "courts

---

[2] The Court does not have diversity jurisdiction under 28 U.S.C. § 1332 because the parties are not completely diverse.

are instructed to look to the plaintiff's 'well-pleaded complaint.'" U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002) (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986)). Federal-question jurisdiction is most frequently invoked by plaintiffs pleading a cause of action created by federal law. However, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Nonetheless, the presence of a federal issue is not a "password" that opens federal courts to any state actions involving questions of federal law. Instead, the relevant inquiry is:

> [D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

Id. at 314.

The Supreme Court has since clarified these factors and has explained why the assertion of federal question jurisdiction was proper in Grable. Specifically, federal question jurisdiction was established in Grable because

> [t]he dispute there centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as "substantial," and its resolution was both dispositive of the case and would be controlling in numerous other cases.

Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700-01 (2006). The Court went on to caution that Grable should be read narrowly, and its factors warrant federal question jurisdiction in only a "special and small category" of cases. See Empire, 547 U.S. at 699.

Applying the Grable factors, the Supreme Court found federal question jurisdiction to be lacking in Empire, a case decided one year after Grable. First, the Court noted that the decision in Grable affected the actions of a federal agency. In contrast, Empire involved a state law reimbursement claim that arose between private parties, and which did not implicate "the action of any federal department, agency, or service." Id. at 700. Moreover, whereas Grable presented a "nearly 'pure issue of law'" that required the Court to interpret the meaning of a federal tax provision, the issue in Empire was "fact-bound and situation specific," whose resolution was unlikely to govern subsequent cases. See id. Finally, the Court noted that the reimbursement claim in Empire, which arose out of an insurance contract dispute, did not implicate significant federal interests. Id. at 701.

The Court concludes that this case does not fit within "the slim category Grable exemplifies." Empire, 547 U.S. at 701. The action involves private parties and does not implicate "the action of any federal department, agency, or service." See id.

at 700.  Moreover, although resolution of the plaintiffs' FCEAU claim will require application of the federal Fair Debt Collection Practices Act ("FDCPA"), it does not appear that the interpretation of the FDCPA is in dispute; instead, the dispute is over whether the defendants violated the FDCPA as incorporated by the FCEAU.  Therefore, instead of a "nearly 'pure issue of law,'" the issue in the present case is "fact-bound and situation specific," whose resolution is unlikely to have a precedential effect on subsequent cases involving the FDCPA.  See id. at 700-01.  Finally, the Court is not convinced that the underlying dispute, arising out of alleged fraud in connection with a mortgage agreement, implicates significant federal interests that justify turning this action into a federal case.

The Court's analysis is unaffected by the cases that the defendants cite in support of their argument against remand. The defendants rely on U.S. Express Lines, Ltd. v. Higgins, where the Court of Appeals for the Third Circuit found that state tort claims presented a substantial federal question that established jurisdiction.  281 F.3d 383, 391-92 (3d Cir. 2002).  However, this Court finds Higgins to be consistent with Grable and Empire. In Higgins, the plaintiffs' state law claims required the Court of Appeals to resolve "an apparent clash between a procedural rule and a contrary holding by a United States Court of Appeals." Id. at 391.  The Court was thus called upon to determine whether

the plaintiffs' complaint relied on an "erroneous interpretation of federal law." Id. In contrast, the present case does not involve a dispute over the proper interpretation of the FDCPA. Therefore, whereas Higgins presented a "nearly 'pure issue of law'", the present case raises a "fact-bound and situation-specific" federal question. See Empire, 547 U.S. at 700.

Finally, the Higgins Court noted that the action arose "in the area of maritime attachments, a subject of particular concern to the federal courts." Higgins, 281 F.3d at 391. As noted above, however, the Court does not find that the circumstances of the present case implicate significant federal interests. Accordingly, the Court finds Higgins to be consistent with Grable and Empire and distinguishable from the present case.[3]

In view of the foregoing, the Court concludes that the federal issue implicated by Count IV of the complaint is insufficiently substantial to establish federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, the Court will

---

[3]The defendants also rely on Coventry Health Care, Inc. v. Caremark, Inc., for a case where state law claims established federal question jurisdiction. 705 F. Supp. 2d 921 (M.D. Tenn. 2010). However, Coventry is also consistent with Grable and Empire. In Coventry, the Court was required to resolve conflicting interpretations of federal law with respect to the processing of Department of Defense pharmacy claims. The Court noted that the case presented a "nearly 'pure issue of law,'" whose resolution could have a "substantial impact on a federal agency" and "will likely have precedential effect." Id. at 930-31 (quoting Empire, 547 U.S. at 700).

remand the case to the Court of Common Pleas for Montgomery County, Pennsylvania.

An appropriate order shall issue separately.